IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS LOCAL 17 JOINT APPRENTICESHIP, TRAINING, AND RECORD KEEPING TRUST; ILLINOIS REGIONAL INSULATION CONTRACTORS INDUSTRY FUND; and INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS,<br><br>        Plaintiffs,<br><br>   v.<br><br>NORTHWEST MECHANICAL INSULATION CO., an Illinois Corporation,<br><br>        Defendant. | NO. 18-CV-3942<br><br>District Judge Marvin E. Aspen<br><br>Magistrate Judge Jeffrey Cummings |

## MEMORANDUM OPINION AND ORDER

On June 6, 2018, plaintiffs International Association of Heat and Frost Insulators Local 17 Pension and Welfare Funds, together with three allied funds (collectively "plaintiffs"), brought this action against defendant Northwest Mechanical Insulation Co. ("Northwest") pursuant to the Employment Retirement Income Security Act, 28 U.S.C. § 1132 *et seq*. Plaintiffs alleged that Northwest failed to make ten months of trust fund contributions to plaintiffs in 2017 and 2018 under a collective bargaining agreement ("CBA") that Northwest had entered into with plaintiff International Association of Heat and Frost Insulators and Allied Workers, Local 17 ("Local 17"), the bargaining representative for Northwest's bargaining unit employees. On

1

January 18, 2019, plaintiffs filed a motion to compel with District Judge Marvin Aspen to require four third-party citation respondents to deliver assets to plaintiffs that the respondents had identified as being held on behalf of Northwest. (Dckt. # 24). Plaintiffs also sought a judicial lien related to a lawsuit in McHenry County, Illinois between Northwest and a third party discussed below. On January 23, 2019, District Judge Aspen referred the motion to Magistrate Judge Michael Mason for a decision. (Dckt. # 27). The matter was reassigned to this Court on February 1, 2019. (Dckt. # 28). The Court gave Northwest an opportunity to respond to plaintiffs' motion, but none was filed.[1] For the reasons discussed below, plaintiffs' motion [24] is granted in part and denied without prejudice in part.

## Background

On July 24, 2012, Northwest signed an Agreement of Consent with Local 17 that joined Northwest to a multi-employer CBA. (Dckt. # 1 at Ex. 1). The CBA at issue in this case covers the period from June 1, 2016 through May 31, 2019. (Dckt. # 1 at Ex. 2). The CBA required Northwest to submit monthly reports of hours worked by its bargaining unit employees and to pay contributions at a negotiated price to the plaintiff trust funds for each hour of work. (Dckt. # 1 at ¶¶ 9-10). Plaintiffs' Complaint alleged that Northwest failed to submit its monthly reports and contributions for the period of May through December 2017, and again for March and April 2018. Plaintiffs sought liquidated damages of $5,517.44 for the 2017 omissions, and asked that Northwest produce its contribution reports for the 2018 period. (Dckt. # 1 at pp. 4-5).

On August 9, 2018, Judge Aspen dismissed plaintiffs' Complaint without prejudice because the parties had reached a settlement agreement. (Dckt. # 9). He permitted the parties to

---

[1] Notwithstanding Northwest's failure to respond to their motion, plaintiffs filed a reply brief in support of it without leave of court. Plaintiffs' reply simply reiterates the points made in their motion and it adds no new information.

2

reopen the case by January 15, 2020, and plaintiffs did so on September 14, 2018 because Northwest had failed to make the payments required by the parties' settlement agreement. Specifically, plaintiffs claimed that the agreement obligated Northwest's President Robin Roden to pay $18,833.17 in eighteen monthly installments at an interest rate of six percent. (Dckt. #10 at ¶ 2). Plaintiffs alleged that Roden did not make the required September 1, 2018 payment. (Dckt. #10 at ¶ 8). Judge Aspen referred the case to Magistrate Judge Mason for a settlement conference, but the parties reached their own agreement on October 3, 2018. The referral was closed, and the District Court entered judgment against Northwest on October 25, 2018 in the amount of $60,892.43. (Dckt. # 19).

Post-judgment proceedings then began between the parties. On December 26, 2018, the Clerk of the Northern District of Illinois issued five citations to discover assets at plaintiffs' request. Four of the citations were directed to third-party respondents AMCO, Inc, API Plumbing, Inc., Value Pro Mechanical Inc., and the First National Bank of Omaha. (Dckt. # 21). These citations were served by certified mail to the respondents on December 28, 2018. (Dckt. #24 at ¶ 6). All of the third parties answered the citations. (Dckt. #24 at ¶¶ 6-10). Plaintiffs also obtained a fifth citation to discover the assets of defendant Northwest, a copy of which plaintiffs have attached to their motion as Exhibit 9. Unlike their account of the third-party respondents, plaintiffs have not stated how or when Northwest's citation was served. Some form of service appears to have taken place because plaintiffs note in broad terms that Northwest produced documents in response to the citation. (Dckt. # 24 at ¶13). In particular, plaintiffs have provided docket printouts from Case No. 18-LA-394 in the 22nd Judicial District of McHenry County state court in which Northwest is both the plaintiff and counterdefendant in a breach of contract suit with third-party defendant MG Mechanical Co. (Dckt. #24 at Ex. 10).

3

## Legal Standard

Federal Rule of Civil Procedure 69 provides that supplementary proceedings to enforce a money judgment must "accord with the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(1). In Illinois, such proceedings are governed by 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. The Illinois statute states that a clerk of court may issue a citation to "discover assets or income of the debtor not exempt from the enforcement of the judgment" and to compel "the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2-1402(a). Supplemental proceedings are initiated once the clerk of court issues such a citation. *Dexia Credit Local v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010). Upon proper service, [2] the party to whom the citation is directed is prohibited from transferring non-exempt property in an attempt to interfere with the creditor's rights, thereby forestalling "the judgment debtor or a third party from frustrating the supplementary proceedings before the judgment creditor has had an opportunity to reach assets." *Bank of Aspen v. Fox Cartage, Inc.*, 126 Ill.2d 307, 314, 533 N.E.2d 1080 (1989) (internal quotes and citation omitted).

Illinois Supreme Court Rule 277 limits liens that arise under supplementary proceedings to six months, though it permits periodic extensions of that period "as justice may require:"

> A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require. Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is

---

[2] There are three methods of service are permitted in Illinois for a citation: (1) by any method allowed for the service of a summons, (2) by prepaid certified or registered mail, or (3) by publication. Ill.Sup.Ct.R. 105(b); *see also Shales v. T. Manning Concrete, Inc.*, 847 F. Supp.2d 1102, 1112 (N.D. Ill. 2012).

satisfied or the court orders otherwise.

Ill. Sup.Ct. R. 277(f). Moreover, the lien created by a citation does not automatically expire after the six-month period provided for under Rule 277(f) if the respondent does not personally appear pursuant to the citation. *In re Barone*, 184 B.R. 747, 750 (N.D. Ill. 1995). The lien may be extended either at the request of the judgment creditor or by a court on its own motion. *See West Bend Mut. Ins. Co. v. Belmont State Corp.*, 09 C 354, 2010 WL 5419061, at *5 (N.D. Ill. Dec. 23, 2010).

**Discussion**

Plaintiffs seek to compel the third-party respondents AMCO, API Plumbing, Value Pro Mechanical, and the First National Bank of Omaha to turn over the assets they identified in response to plaintiffs' citations to discover assets. Respondent Value Pro Mechanical signed a response on January 4, 2019 indicating that it held $8,500 of Northwest's assets. That property included funds owed by Value Pro Mechanical under a January 3, 2019 invoice of $4,300 for the insulation of duct work that Northwest performed, and an additional $4,200 owed under a December 7, 2018 invoice. (Dckt. # 24 at Ex. 5). AMCO responded on January 10, 2019 by attaching a series of invoice bills and payments that show a net total of $6,700 due to Northwest. (Dckt. # 24 at Ex. 6). The First National Bank of Omaha answered the citation on December 31, 2018 by stating that it held $1,008.90 of Northwest's assets. (Dckt. # 24 at Ex. 7). Third-party respondent API Plumbing stated on January 16, 2019 that it owed $900 for work that Northwest had done for one of API's customer. (Dckt. # 24 at Ex. 8). None of the respondents posed an objection to turning over the funds they owed to Northwest.

Plaintiffs state that as of January 20, 2019, $59,006.05 remains to be paid on the $60,892.43 judgment entered by the District Court on October 25, 2018. (Dckt. # 24 at ¶ 12).

Because the amount owed by Northwest to plaintiffs exceeds the assets held by the third-party respondents, plaintiffs' motion to compel AMCO, API Plumbing, Value Pro Mechanical, and the First National Bank of Omaha to turn over the assets identified in their responses is granted.

Plaintiffs also ask the Court to take two actions concerning the citation issued to Northwest. First, plaintiffs ask that the lien that was created when plaintiffs served the citation to discover assets on Northwest be extended beyond the six month period that automatically arises under Rule 277(f). The Court grants this request. Although plaintiffs are not specific about how they served the citation on Northwest, they do clearly indicate that this citation was served. (Dckt. #24 at ¶18). Consequently, plaintiffs have perfected their lien against Northwest and the Court finds that it would be in the interest of justice to extend the lien against Northwest through the conclusion of the lawsuit that Northwest has pending in the McHenry County (captioned as *Northwest Mechanical Insulation Co. v. MG Mechanical Contracting Inc.,* No. 18LA000394 (Dckt. #24 at Ex. 10)).

Second, plaintiffs seek a judicial spread of lien spread of record of $41,897.15 in Northwest's lawsuit pending in McHenry County. A spread of lien allows one court to give notice in the record of another court that a lien exists, thereby allowing the second court to apply the pre-existing lien to any funds that might be exchanged between the parties before it. *See Podvinec v. Popov*, 168 Ill.2d 130, 135, 658 N.E.2d 433 (1995) ("A judge in one division of the circuit court can enforce a judgment or order entered by a different judge in another division."). The judicial lien spread of record that Plaintiffs seek would create a lien against the proceeds that might exchange hands between Northwest and MG Mechanical, the third-party defendant in the McHenry County lawsuit. Plaintiffs cite *Podvinec*, *supra*, and *Cacok v. Covington*, 111 F.3d 52 (7th Cir. 1997) to support their position.

The Court agrees that both cases stand for the general proposition that a judgment creditor like the plaintiffs in this case can obtain a lien against proceeds that might exchange hands in an unrelated lawsuit between a judgment debtor like Northwest and a third-party defendant like MG Mechanical. *See*, *e.g.*, *Laborers' Pension Fund v. KMC Masonry, LLC*, 710 F. Supp.2d 741, 744 (N.D. Ill. 2010) ("Illinois clearly allows a judgment creditor to obtain a restraining order by means of a citation proceeding against a third party who is a defendant in a separate action brought by the judgment debtor."). In this case, however, the factual conditions that enabled the judgment creditors in *Podvinec* and *Cacok* to obtain liens in unrelated lawsuits are not clearly established in the record that is currently before the Court.

In *Cacok*, a prevailing plaintiff discovered that the defendant against whom it had a judgment had initiated an unrelated medical malpractice action in a second court against a third-party defendant. The creditor/plaintiff then issued and served a citation to discover assets on the third-party defendant in the malpractice action. No citation was issued and served on the judgment debtor that had become the plaintiff in the malpractice suit. The creditor/plaintiff sought an order requiring the third-party defendant to turn over to the creditor/plaintiff any funds that it might owe to the judgment debtor in the malpractice suit. *Cacok*, 111 F.3d at 53. The Seventh Circuit found that the service of the citation on the third-party defendant created a lien that restrained the defendant from paying the judgment debtor until the judgment creditor's rights could be judicially adjudicated. *Id*. at 53-54 (such orders can be issued even though the third-party defendant does not yet have any assets that are the property of the judgment debtor).

In this case, by contrast, plaintiffs' request for a judicial spread of lien is premised on the citation that they obtained to discover Northwest's assets, and *not* on a citation that they served on MG Mechanical as the third-party defendant in the McHenry County lawsuit. Although the

7

record indicates that plaintiffs caused the issuance of a citation to MG Mechanical on January 18, 2019 (the date they filed the instant motion), plaintiffs offer no evidence as to when - - if at all - - they *served* the citation on MG Mechanical. Service - - and not merely the issuance - - of the citation is key because "[t]he lien is considered perfected as of the date of service of the citation." *Cacok,* 111 F.3d at 54; 735 ILCS 5/2-1402(m). Without evidence of service, plaintiffs have not shown that the lien they assert exists against MG Mechanical was, in fact, created in accordance with Illinois law.[3]

Similarly, although *Podvinec* tracks most of the actions that plaintiffs have taken in this case,[4] plaintiffs overlook the fact that the third-party defendants in *Podvinec* had been given notice of the motion to spread the lien and were afforded the opportunity to respond to it. *Podvinec* placed particular emphasis on the notice issue, stating:

> The respondents had notice, through their attorney of record in the Popov action, of Podvinec's motion to spread the lien of record. The respondents had a full opportunity to be heard at the hearing on the motion, but the respondents failed to challenge Podvinec's motion and failed to object to the validity of the lien.

*Id*. By contrast, the plaintiffs in this case have not established that MG Mechanical has been given notice of the citation issued to Northwest or of plaintiffs' motion for a judicial spread of lien.

---

[3] Plaintiffs served their citations on other third parties by certified mail. (Dckt. #24 at ¶6). It seems unlikely that plaintiffs had effected service of the citation on MG Mechanical as of the time they filed this motion because this motion was filed on the same date that the citation to MG Mechanical was issued.

[4] In *Podvinec*, a plaintiff obtained judgment against a defendant, but like the plaintiffs here, it experienced difficulty in collecting the $57,955 that had been awarded to it as the judgment creditor. After issuing citations to discover assets against the judgment debtor, the plaintiff/creditor learned that the judgment debtor had initiated a separate lawsuit against third parties unrelated to the plaintiff/creditor's original action. A judicial spread of lien was issued against any proceeds that the judgment debtor might realize from the third-party defendants in the secondary suit. The judgment debtor and third-party defendants settled their suit, but the defendants in that action turned over the settlement proceeds to the judgment debtor instead of the plaintiff/creditor. The Illinois Supreme Court held that as soon as the plaintiff/creditor's lien was spread in the record, the third-party defendants were automatically required to pay the plaintiff/creditor a figure up to the lien amount of $57,955. *Podvinec*, 168 Ill.2d at 135.

Notice is arguably even more important in this case than it was in *Podvinec*, which only involved third-party defendants. Here, MG Mechanical is both a third-party defendant *and* a counterplaintiff in its state-court suit with Northwest. MG Mechanical would therefore be affected by plaintiffs' lien whether it prevails or not. If MG Mechanical becomes liable to Northwest as the third-party defendant, it would be bound to pay up to $41,897.15 to plaintiffs before issuing any funds to Northwest. Conversely, if MG Mechanical prevails as counterplaintiff, the lien plaintiffs seek would require Northwest to first pay plaintiffs their $41,897.15 before turning over any funds to MG Mechanical.

Consequently, because plaintiffs have failed to present evidence that MG Mechanical was served with the citation and that it received notice of plaintiff's motion, this Court will not order a judicial spread of lien in Northwest's lawsuit pending in McHenry County at this time. Nevertheless, because Court recognizes that plaintiffs may be able to correct the deficiencies pointed out above, plaintiffs' motion is denied without prejudice as it concerns this issue. If plaintiffs file a renewed motion requesting a judicial spread of lien, plaintiffs are directed to give notice to MG Mechanical by providing it with a copy of both their motion and this Court's Order. Plaintiffs shall also include a certificate of service identifying the date and method of how their renewed motion was served upon MG Mechanical. Finally, plaintiffs shall provide evidence of the manner and date in which the they served their citation upon MG Mechanical. The Court hereby notifies MG Mechanical by means of this Order that it will be given 14 days from the date of plaintiffs' service of a renewed motion to file any objection with this Court that it may have concerning plaintiffs' motion. The Court will rule by mail upon the expiration of that period.

**Conclusion**

For these reasons, plaintiffs' combined motion to compel third-party citation respondents to deliver up assets discovered through citations to discover assets and for a judicial lien [24] is granted in part and denied without prejudice in part.

It is hereby ORDERED that within ten days of being served with a copy of this order citations respondents AMCO, Inc., API Plumbing, Inc., Value Pro Mechanical, Inc., and First National Bank of Omaha shall deliver certified funds made payable to *International Association of Heat and Frost Insulators Local 17 Trust Funds*, to plaintiffs' attorney c/o William M. Blumenthal, Jr. at Johnson & Krol, LLC, 311 South Wacker Drive, Suite 1050, Chicago, Il 60606 in the following amounts: (1) AMCO, Inc. shall deliver $6,700; (2) API Plumbing, Inc. shall deliver $900; (3) Value Pro Mechanical, Inc. shall deliver $8,500; and (4) First National Bank of Omaha shall deliver $1,008.90.

It is further ORDERED that the lien that plaintiffs have established against Northwest is extended in the interest of justice through the conclusion of the lawsuit that Northwest has pending in the McHenry County (captioned as *Northwest Mechanical Insulation Co. v. MG Mechanical Contracting Inc.,* No. 18LA000394 (Dckt. #24 at Ex. 10)). Plaintiffs' motion is otherwise denied.

ENTER:

Hon. Jeffrey Cummings
United States Magistrate Judge

DATE: March 1, 2019